IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CR3104 |
| | ) | |
| v. | ) | |
| | ) | |
| MARIO GOLLIDAY, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION IN LIMINE |
| Defendant. | ) | |
| | ) | |

The defendant, Mario Golliday, has moved in limine for an order preventing the defendant's wife, Jo Golliday, from testifying at trial.  (See filing 20.)  The defendant relies upon Nebraska's spousal privilege statute, which provides, in part, as follows:

> During the existence of the marriage, a husband and wife can in no criminal case be a witness against the other.  This privilege may be waived only with the consent of both spouses.

Neb. Rev. Stat. § 27-505(2).  However, "federal courts follow the federal common law regarding privileges in federal criminal proceedings."  United States v. Espino, 317 F.3d 788, 795 (8th Cir. 2003).  Therefore, the defendant's reliance upon § 27-505 is misplaced.

It may be that the defendant's privilege claim has merit under federal common law.  See Espino, 317 F.3d at 795-96 (describing "the marital confidential communications privilege" and the "adverse spousal testimony privilege").  Thus, although I must deny the defendant's motion in limine as it is currently framed, the defendant is free to assert a claim of marital privilege based upon federal common law.

**IT IS ORDERED** that the defendant's motion in limine, filing 20, is denied without prejudice to his assertion of a claim of marital privilege based on federal common law.

Dated February 8, 2006.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

1